IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GLICENIA C. LOGAN                                                                                            PLAINTIFF

v.                                          Civil No. 2:24-CV-02018-PKH-MEF

VANESSA GREEN (P.V.N Properties),
ATTORNEY JOHN ALFORD,
ATTORNEY MATTHEW R. SMITH,
CPL. R. NEWTON and MACKIE WOLF                                                         DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Glicenia C. Logan, has filed in this district a *pro se* Complaint (ECF No. 2) in which she alleges violation of her constitutional rights under various state and federal statutes. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's Complaint and Motion to Proceed *in forma pauperis* ("IFP"). (ECF Nos. 2, 3).

Because Plaintiff is prohibited from filing cases *pro se* in this District it is not necessary to either address her request to proceed IFP or attempt interpretation of her incomprehensible Complaint. Plaintiff is well-known in this District for filing lawsuits with vague, unspecified claims against Defendants who are, at best, tangentially related to any identifiable claim.[1] As a result, the following filing restriction was entered in *Logan v. Sky Rise Real Estate Fund, LLC*, Case No. 2:21-cv-02063, on April 29, 2021:

> **IT IS FURTHER ORDERED** that Ms. Glicenia C. Logan is hereby subject to a **FILING RESTRICTION** concerning any future civil lawsuit she may wish to file in the Western District of Arkansas. The Clerk of Court is **DIRECTED** not to

---

[1] Her history of frivolous filings in this District was clearly addressed in *Logan v. Cox*, Case No. 2:22-cv-02187, and will not be repeated herein.

accept for filing any complaint submitted *pro se* by Ms. Logan; instead the Clerk should pass the proposed complaint to chambers for initial screening and further instruction. This filing restriction is warranted for the reasons set forth in this Order; however, it **SHALL NOT APPLY** to any civil case filed on Ms. Logan's behalf by a licensed attorney. Further, the restriction **SHALL NOT APPLY** if Ms. Logan has attached to her proposed complaint an affidavit signed by a licensed attorney that states that the attorney has reviewed the proposed pleading and believes that it states facially plausible claims against defendants who are subject to suit.

Here, two years and nine months after the entry of this filing restriction, Plaintiff filed this civil Complaint *pro se*. She did not attach an affidavit from a licensed attorney stating that the attorney has reviewed the proposed pleading and believes that it states facially plausible claims against defendants who are subject to suit. Thus, this case falls squarely within the filing restriction. Plaintiff may not, therefore, proceed with this action.

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 2) be DISMISSED as barred by the filing restriction placed on her in the case of *Logan v. Sky Rise Real Estate Fund, LLC, et al.*, Civil No. 2:21-cv-02063. (ECF No. 42). The Motion to Proceed IFP (ECF No. 3) should be denied as moot. It is further recommended that the Clerk be DIRECTED to enter a restricted filer flag for Glicenia C. Logan in this District.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of March 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE